UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV256-J

THOMAS R. MCMAHAN                                                                        PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Thomas McMahan ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g) denying his claim to disability insurance benefits. After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On May 20, 2003, Claimant filed application for disability insurance benefits, alleging that he became disabled as of April 15, 2003. After a hearing, Administrative Law Judge Ronald M. Kayser ("ALJ") determined that Plaintiff's triple bypass was a severe impairment, but that it did not prevent claimant from performing his past relevant work as owner/manager of furniture manufacturing. This became the final decision of the Defendant when the Appeals Council denied review on March 23, 2007.

STANDARD OF REVIEW

The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

1. The claimant must not be engaged in substantial gainful activity.

2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

4. The claimant must be unable to do his or her past relevant work.

5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard

presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

## ARGUMENTS ON THIS APPEAL

The illumination provided by plaintiff's Fact and Law Summary is somewhat less than dazzling, and the Court is asked to surmise the specific arguments presented.  As to Finding Numbers 4 and 5, counsel states only "disagree because of Exhibit 11F (page 161)."  The Court will address these as best it can.

Finding Number 4 is a "third step" determination (see above).  That is, the ALJ determined that the plaintiff's impairment does not meet or medically equal an impairment in the Listings (Appendix 1 of 20 CFR Part 404, Subpart P of the regulations ).  Plaintiff bears the burden of proving that he meets or equals a Listing.  Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987).   He must present specific medical information to satisfy all of the Listing criteria.  20 C.F.R. Sec. 416.925.  Listings are to be interpreted very strictly, and the plaintiff must establish the existence of all elements of the Listing.  Foster v. Halter, 279 F.3d 348 (6th Cir. 2001),  Hale v. Secretary, 816 F.2d 1078 (6th Cir. 1987).   To meet a listing, a claimant must use specific *medical* evidence.  That is, at Step Three, it is insufficient to point to the existence of an impairment and use various types of evidence to argue that the functional restrictions imposed by that impairment are disabling; rather, the plaintiff must point to medical evidence establishing *all* of the criteria set out in the listing.  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  The plaintiff cannot show that he "equals" a Listing simply by showing overall functional impact of

3

his condition; "equivalence" is a test used only when the claimant's impairment is unlisted, and it is satisfied only by presenting medical evidence of findings "equal in severity to *all* the criteria for the one most similar impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990).

Mr. McMahan does not identify the Listing he believes he satisfies, but the Listing would certainly appear in Section 4.00, Cardiovascular System. Impairments addressed in this section include chronic heart failure, ischemic heart disease, arrhythmias, peripheral vascular disease, and other cardiovascular impairments. Each of these sections sets out very specific procedures for evaluation and specific quantifiable test results that should be presented. Mr. McMahan has failed to carry his burden of pointing to specific medical evidence establishing all criteria for a listing.

Finding Number 5 sets out the ALJ's finding that Mr. McMahan's allegations concerning the extent of his limitations are not totally credible. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

Plaintiff does not argue that he has pain, fatigue, or other limitation following from his bypass surgery. Indeed, he testified that as far as he knows, he has no more problems with his

heart. Tr. 183. He agreed that the bypass was successful and everything was going well, but that he feared the stress of his previous work would be bad for him. Tr. 184. To support this fear, he points to his doctor's April 5, 2004 "to whom it may concern" note, which observed that the patient was "currently asymptomatic and doing well," and went on to state as follows:

> [Mr. McMahan] is concerned that the stress involved with resuming his work may precipitate advancement of future disease. I certainly cannot refute this as it is a known risk factor for both progression and establishment of coronary artery disease.

Tr. 161.

An individual may make a reasonable decision that she or he prefers one type of work rather than another, or that spending time with friends and family is more meaningful than employment. Figuring into such a decision may be the person's concerns about her or his safety on the job or the fear that a particular type of work may lend itself to particular hazards. Nonetheless, however reasonable such a decision may be, it is *not* the equivalent of being *unable* to engage in substantial gainful employment. The doctor's statement on which Mr. McMahan relies does not call for a determination that plaintiff lacks the residual functional capacity to do his previous work. Dr. Romines did not identify any symptoms limiting his patient's ability to work; he did not place any work restrictions on Mr. McMahan; and he did not express any opinion regarding the likelihood of future problems. He said only that he "cannot refute" the concern that resuming work "may" precipitate advancement of "future" disease. This is a far cry from an affirmative statement that Mr. McMahan is unable to perform work activities. The Court finds no error.

Finally, claimant challenges Finding Number 7, in which the ALJ determined that

5

Mr. McMahan's past relevant work did not require the performance of activities precluded by his residual functional capacity. Plaintiff cites the testimony of the vocational expert, which was that there would be no jobs available to a hypothetical individual who had "poor to no ability to deal with work stresses and demonstrate reliability." Tr. 187. Mr. McMahan points to this testimony as evidence that he could not do any type of work. This conclusion, however, assumes that it is established that Mr. McMahan had "poor to no ability to deal with work stresses and demonstrate reliability." As noted above, there is no evidence that this is true of Mr. McMahan. Considering the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision.

      An order and judgment in conformity has this day entered.